TAYLOR ET AL. VS. STATE USE CLAYTON AD.

In an action upon a penal bond, if the breach shows a good cause of action, defectively stated in form, but not deficient in substance, it is sufficient, after plea, on error.

In actions upon penal bonds, the judgment should be for the penalty of the bond, with a further judgment that the plaintiff have execution for the damages assessed.

*Appeal from Desha Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

GARLAND & RANDOLPH, for the appellants.

HARDING, contra.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

This was an action of debt upon the bond of George E. Mayson, the original administrator of John W. Secress, deceased.

There were three breaches of the condition of the bond assigned in the declaration. The defendants demurred to the declaration, and the demurrer was sustained as to the first and second breaches, and overruled as to the third.

The substance of the third breach is, that after the execution of the bond sued on, and grant of letters to Mayson, there came to his hands, as administrator of Secress, a large amount of assets, etc., which he afterwards died in possession of. That after his death, his administrator filed in the probate court a settlement account of his administration upon the estate of Secress, showing a balance of assets in his hands of $3,006 21, which account was duly confirmed by the probate court, and the balance against him ordered to be paid to Clayton, as administrator de bonis non of Secress, which had not been paid over, etc.

The defendants, after their demurrer to the third breach was overruled, pleaded thereto *nul tiel record* of the order of the probate court alleged in the breach.

An issue to the plea was submitted to the court, and finding and judgment in favor of plaintiff for the sum shown to be due from Mayson by the record of the settlement in the probate court, etc.

The defendants reserved no question upon the trial; but appealed, and insist, 1st, that the third breach was bad in substance; and 2d, that the judgment was informal.

1. By failing to rest upon their demurrer, and pleading over to the breach, it is conceded that formal objections to the breach were waived. But it is insisted that the breach is fatally defective, on error, in this, that it does not aver that the amount found due from Mayson to the estate of Secress, and ordered by the

probate court to be paid over to his successor in the administration, remained in the hands of Mayson as *assets of his intestate,* etc.

It is sufficient to say of this objection that it is not well founded in fact. The breach shows a good cause of action, defectively stated in form, perhaps, but not so deficient in substance as to be bad, after plea, on error.

2. The objection to the form of the judgment is well taken.

The court, instead of entering judgment for the penalty of the bond, with a further judgment that the plaintiff have execution for the damages assessed, as prescribed by the statute, (*Gould's Dig. ch.* 127, *sec.* 8, 27,) rendered a judgment merely for the amount of damages found to be due the plaintiff.

It is true that it is not perceived that any substantial injury would be suffered by the appellants from the form in which the judgment was entered, but it is perhaps safest not to sanction a departure from the mode of entering such judgments prescribed by the statute.

For this cause the judgment must be reversed, and the cause remanded with instructions to the court below to enter the judgment as directed by the statute.